## Application of Sherper's, Inc.

*June 8—July 1, 1948.*

*Martin J. Price* and *Samuel Saffro,* both of Milwaukee, for the petitioners.

*Herman M. Knoeller* and *George Graebner,* both of Milwaukee, for the respondent.

WICKHEM, J.  The petition in this case alleges that Sherper's, Inc., is a Wisconsin corporation with its principal place of business in Milwaukee; that the individual petitioners are stockholders or officers of this corporation; that Paul L. Moskowitz was appointed receiver of Sam Scherper on November 21, 1947, and on April 8, 1948, commenced an action against petitioners, and served notice of a discovery examination of petitioner, Martha Scherper, individually and as secretary of Sherper's, Inc.; of Lionel Scherper and Sam Scherper, individually and as officers of the corporation; of Donald Scherper; that these were accompanied by affidavits to the effect that the examination is under sec. 326.12(4), Stats.; that at the same time a subpoena *duces tecum* was served upon Martha Scherper specifying the papers and records to be produced under the subpoena; that petitioners moved the circuit court for Milwaukee county to suppress the subpoena and that this relief was denied.  It is alleged that petitioners are aggrieved and injured and without remedy by appeal and that these, therefore, invoke the superintending control of this court.

The question is whether this court shall permit the commencement of this action.  In *Hyslop v. Hyslop*, 234 Wis. 430, 291 N. W. 337, this court after a review of the cases, some of which were not wholly consistent, held that an order refusing to suppress an adverse examination is not appealable and that subject is fully and finally closed.  That, however, is the very ground upon which this application for the exercise of original jurisdiction is based, namely, the absence of any remedy by appeal.  Petitioners assert that they have a right under *State ex rel. Wisconsin B. & I. Co. v. Sullivan*, 245 Wis. 544, 15 N. W. (2d) 847, to the exercise of this court's superintending control to prevent an inquisition into petitioners' affairs.

It was pointed out in *State ex rel. Hustisford L., P. & M. Co. v. Grimm*, 208 Wis. 366, 370, 369, 243 N. W. 763, that the question presented has to do with judicial policy, not with

the power of the court.    In the *Sullivan Case, supra,* without opinion, and indeed, without any opposition, the court granted permission to commence such an action.    Furthermore, upon the facts as set forth in the opinion a showing of hardship was made.    Hence, although the court considered the matter upon its merits it did not expressly pass upon the question whether such a case should be entertained.    In the *Hustisford Case, supra,* it was said that the question of assuming original jurisdiction is "one of judicial policy rather than one relating to the power of this court."    It was stated that this power will not be used lightly; that it will not be permitted to perform the office of an appeal; that it will not be exercised where the remedy by appeal is adequate and will only be used to prevent irreparable mischief.    The court said:

"On the one hand, it is evident that this court cannot, without causing the disorganization and breakdown of the judicial machinery of the state, permit trials to be suspended in every case where error on the part of the trial court is claimed, while it determines the propriety of the ruling.    On the other hand, great burdens in the form of expense and delay, and amounting to a denial of justice, may occasionally be imposed upon parties should this court take the position that its superintending power will never be exercised to review the interlocutory ruling of a trial court unless the error is jurisdictional in character."

It was further said that no categorical answer may be given as to the situations in which the court will consider the hardship sufficient to warrant supervisory control but that there must be such hardship and, indeed, that it must be great and irreparable.

It now becomes advisable to consider the few cases which bear importantly upon the matter.    In *State ex rel. Drew v. Shaughnessy,* 212 Wis. 322, 249 N. W. 522, it was sought to commence an original action against a judge of the municipal court of Milwaukee county.    The prayer was for a writ prohibiting the judge from authorizing the state of Wisconsin

to take the depositions of certain persons living in the city of Chicago for use in a criminal action pending in that court in which petitioners were defendants. This involved the taking of out-of-town depositions under sec. 326.06, Stats., which section petitioners alleged was unconstitutional. It was held that the taking of depositions would result in great hardship because of expense; that the constitutionality of the section may reasonably be open to question and that if the statute were held unconstitutional the entire proceeding would be futile and the hardship to defendants great and irreparable. This court permitted the action to be commenced.

In *Petition of Phelan,* 225 Wis. 314, 274 N. W. 411, the petition was for a writ of prohibition to restrain further proceedings in an action commenced in Rock county on the ground that a similar action involving the same controversy and the same parties was then pending and at issue in the federal court for the Northern district of Illinois. The petition showed that an affidavit for discovery had been served upon petitioner in this action which was similar in character and purpose to certain interrogatories served and filed in the action in federal court in Illinois. The petition alleged that petitioner had duly moved the circuit court for Rock county for an order limiting or suppressing the discovery examination and staying all proceedings pending the disposition of the action in federal court. It was asserted that the examination, if allowed to proceed, would occupy a large number of days, entail great expense and loss to petitioner, compelling him simultaneously to litigate the same cause in the Wisconsin and federal courts. The circuit court had refused to limit the examination or to modify the broad demands of an accompanying subpoena. This court held that the hardship was sufficient to bring the case within the scope of the *Hustisford Case* doctrine. The fact that petitioner had no right to an appeal was regarded as one of the elements of hardship to be taken into account.

In *State ex rel. Department of Agriculture v. Aarons,* 248 Wis. 419, 22 N. W. (2d) 160, the state on relation of the department of agriculture sought leave to commence an original action to obtain a writ of *mandamus* to require a circuit judge to appoint appraisers to award damages for property sought to be taken by the department of agriculture from the Chicago, Milwaukee, St. Paul & Pacific Railroad Company for state park purposes. It appeared that there had been a petition for the appointment of commissioners filed with the judge and that after a hearing the petition had been dismissed. The court denied the petition to commence an original action because, (1) the petition was to a judge and the matter had never been before an inferior court, (2) the proper procedure was to apply to the circuit court for a writ of *mandamus* and if that remedy was denied to appeal to this court, and, (3) no hardship sufficient to warrant such an interference was shown.

Consideration of the *Phelan, Shaughnessy,* and *Aarons Cases,* in which the matter was discussed, makes it clear that two important elements considered by this court as having an important bearing upon the propriety of exercising original jurisdiction and superintending control are, (1) the absence of any other adequate remedy and, (2) the fact that unless this court intervenes petitioner will suffer great and irreparable hardship. It necessarily follows, as held in the *Hustisford Case,* that each case must be judged on its facts and the character of the showing made upon a particular petition. An examination of the petition here indicates nothing more than an attempt to make an original action in this court serve the office of an appeal. We have here only a general statement that petitioners are aggrieved and to permit an original action under these circumstances would amount to automatically substituting such an action for the appeal which the statute denies.

*By the Court.*—Petition denied.