STATE of Wisconsin, Plaintiff-Respondent,

v.

Bernell SELDERS, Jr., Defendant-Appellant.†

Court of Appeals

*No. 90-1699-CR. Submitted on briefs April 2, 1991.—Decided June 4, 1991.*

(Also reported in 472 N.W.2d 526.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Moser, P.J., Sullivan and Fine, JJ.

FINE, J. Bernell Selders, Jr., appeals from a judgment of conviction entered on jury verdicts finding him guilty of two counts of first degree sexual assault.[1] He raises three issues on appeal. First, he contends that the trial court lacked personal jurisdiction over him because the preliminary examination was not held within ten days of his initial appearance, as required by section 970.03(2), Stats. Second, he argues that the trial court erred in not permitting him to call a witness to testify

---

[1] Selders was acquitted of armed robbery and two additional counts of first degree sexual assault.

that the witness saw the victim just prior to the line-up at which she identified Selders as her assailant and that she did not appear to be upset. Third, Selders claims that the trial court should not have instructed the jury that they could consider his alleged flight as evidence of guilt. We affirm.

## I.

On June 7, 1989, a complaint was issued charging Selders with two counts of first-degree sexual assault of K.L. in connection with incidents that were alleged to have happened on June 2, 1989. Selders left Wisconsin after the incidents and was returned to this state by extradition. He made his initial appearance before the circuit court in Milwaukee County on September 11, 1989. *See* sec. 970.01, Stats. Cash bail of $50,000 was set. Unable to post bail, Selders remained in custody.

Selders' preliminary examination was held on September 22, 1989, and he was bound over for trial. Following Selders' bindover, an information was filed charging him with four counts of first degree sexual assault and one count of armed robbery. As noted, Selders was convicted of two counts of first degree sexual assault.

## II.

A. Selders' first argument on appeal is that the trial court lost personal jurisdiction over him because the preliminary examination was not held within ten days after his initial appearance as is required by section 970.03(2), Stats. *See Godard v. State,* 55 Wis. 2d 189, 190, 197 N.W.2d 811, 812 (1972) (trial court loses personal jurisdiction over defendant if preliminary examination not timely held). Section 970.03(2), Stats., provides:

> The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time.

As we have seen, Selders made his initial appearance on September 11, 1989. Accordingly, the ten-day period—applicable because he remained in custody—would have run on September 21, 1989.

On September 20, 1989, the state sought to have the preliminary examination adjourned for cause. As is permitted by section 757.69(1)(b), Stats., the proceedings were before a court commissioner. After first relating that Selders was extradited from Nebraska, the prosecution explained the reasons it needed the adjournment:

> The attempts to conduct a line up have not been successful. The first time it was tried, which was very shortly after officers went to Nebraska to get him, the line up was ready to go and the victim was, in fact, down here and the Public Defenders' office indicated that they were swamped with new cases and couldn't come to the line up.
>
> . . ..
> [The line up] was then scheduled for last night and I advised the detective to call [defense counsel] and ultimately spoke with him myself. [Defense counsel] had a conflict last night and on short notice wasn't able to appear.
>
> I advised him since there has only been a photo identification, it seemed unwise to conduct a preliminary hearing where the victim would have an opportunity to see the defendant at counsel table without a line up.

> I did advise him we would be asking for an adjournment for cause for that reason.
>
> [Defense counsel] indicated he also has a conflict tonight. Apparently the early evening is when the line ups are being done.
>
> We have now scheduled the line up for Thursday evening. I am advised [defense counsel] is available and the victim has been informed.
>
> For that reason I am requesting an adjournment for cause.

The prosecution asked that the preliminary examination be postponed until Friday, September 22, 1989, the day after the scheduled Thursday evening line-up. The commissioner granted the adjournment over Selders' objection. In finding cause for the adjournment, the commissioner noted that a line-up was appropriate so that the alleged victim's identification of Selders as the assailant would not be tainted by his appearance at the preliminary examination "wearing orange clothing and the only person so attired sitting at the defense table."

In this case of first impression, we conclude that whether to adjourn a preliminary examination for cause is within the trial court's discretion. This determination is significant because it defines the scope of appellate review.

> For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable *de novo*), questions of fact (reviewable for clear error), and matters of discretion (reviewable for "abuse of discretion").

*Pierce v. Underwood,* 487 U.S. 552, 558 (1988). Matters that involve "what can be broadly labeled 'supervision of

613

litigation' " are generally within the trial court's discretion. *Id.*, 487 U.S. at 558 n.1; *see also Salve Regina College v. Russell*, 499 U.S. —, —, 111 S. Ct. 1217, 1222, 113 L. Ed. 2d 190, 199 (1991). The authority granted by section 970.03(2) to adjourn preliminary examinations for cause clearly implicates the tribunal's supervisory responsibilities over that proceeding. *Cf. Swonger v. State*, 54 Wis. 2d 468, 473, 195 N.W.2d 598, 601 (1972) (whether to excuse defendant's failure to timely give notice of alibi is within the trial court's discretion). Additionally, the authority to adjourn for cause under section 970.03(2) requires the weighing of competing interests, and this suggests that the legislature intended that the decision whether to grant the adjournment be given deference on appeal. *Cf. Pierce*, 487 U.S. at 559 (interpreting the phrase in the Equal Access to Justice Act, at 28 U.S.C. § 2412(d), "unless the court finds the position of the United States was substantially justified" rather than the possible alternative of "unless the position of the United States was substantially justified" as suggesting legislative intent that some deference be given to the trial court's determination). Finally, trial courts are " 'better positioned' " to make adjournment decisions than are appellate courts, and "probing appellate scrutiny" in this area "will not contribute to the clarity of legal doctrine." *See Salve Regina College*, 499 U.S. at —, 111 S. Ct. at 1222, 113 L. Ed. 2d at 199 (citation omitted).

A trial court's discretionary determination will be upheld on appeal if it is "consistent with the facts of record and established legal principles." *Lievrouw v. Roth*, 157 Wis. 2d 332, 358–359, 459 N.W.2d 850, 859–860 (Ct. App. 1990). A decision whether to grant authorized relief from a deadline must be based on an

analysis of two major factors: 1) the justification for the relief sought; and 2) the possible prejudice to the opposing party. *See Pierce,* 487 U.S. at 562 (citing Rosenberg, *Judicial Discretion of the Trial Court, Viewed From Above,* 22 Syracuse L. Rev. 635, 662–663 (1971)); *cf. Milwaukee Rescue Mission, Inc. v. Redevelopment Auth. of Milwaukee,* 161 Wis. 2d 472, 490–91, 468 N.W.2d 663, 671 (1991) (trial court did not abuse its discretion by preventing party from calling expert witness not timely disclosed when it considered the prejudice to the opposing party and the probative value of the witness' testimony was limited). Where appropriate, such as in criminal cases, the public interest should also be considered. *See Hamiel v. State,* 92 Wis. 2d 656, 674, 285 N.W.2d 639, 649 (1979) (trial court properly considered "the convenience of the witnesses, the jurors and the administration of justice" in denying an adjournment sought by a defendant who wanted to either obtain substitute counsel or proceed *pro se).* Here, the court commissioner's grant of a one-day extension was both reasonable and consistent with the law and the facts of record. There was no abuse of discretion.[2]

[2]In seeking to uphold the adjournment, the state argues on appeal that Selders waived the alleged loss of personal jurisdiction because he did not object "at the preliminary hearing, at the arraignment, or at trial." As we have already seen, however, Selders *did* object to the adjournment at the time it was sought. As Selders notes in his reply brief, "[a]dditional objections would have been both futile and pointless." Although a trial court's lack of personal jurisdiction *is* waived by a guilty plea that does not preserve the objection, *Godard,* 55 Wis. 2d at 190, 197 N.W.2d at 812, Selders pled not guilty. There was no waiver.

*State v. Webb,* 160 Wis. 2d 622, 467 N.W.2d 108 (1991), holds that an error at the preliminary examination is cured by an "errorless" trial where guilt is established beyond a reasonable doubt. *Id.,* 160 Wis. 2d at 628–629, 467 N.W.2d at 110–111. In

**B:** Selders' next claim of error concerns his contention that the trial court denied him his rights to "confrontation" and "compulsory process" under both the Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution, by not permitting him to call a witness who would have testified as to K.L.'s demeanor prior to the Thursday evening line-up. Although these provisions are obviously fundamental to an accused's right to a fair trial, *see Chambers v. Mississippi,* 410 U.S. 284, 294–295 (1973), a defendant's mere desire to call a witness does not, without more, assume constitutional dimensions; the analysis must go further, *see, e.g., Rogers v. State,* 93 Wis. 2d 682, 692–693, 287 N.W.2d 774, 778 (1980) (there is no constitutional right to present evidence that is not relevant); *cf. State v. Scherreiks,* 153 Wis. 2d 510, 520, 451 N.W.2d 759, 763 (Ct. App. 1989) ("Simply to label a claimed error as constitutional does not make it so . . ..").

During the state's case-in-chief, Selders' trial counsel asked on his cross-examination of one of the investigating police officers about K.L.'s demeanor in the Detective Bureau assembly room immediately prior to the line-up at which she identified Selders as her assailant. The officer responded that when he walked into the room "to pick her up, she seemed flushed" and that "[s]he possibly had been—may have been crying." The

light of our conclusion that the commissioner did not abuse her discretion in granting the state an extension of the ten-day period for cause, and because the subject has not been fully briefed, we will not consider whether *Webb* applies to those situations where there is a claimed loss of personal jurisdiction over the defendant. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

state did not object to this testimony. Selders then attempted to rebut this evidence during his case by calling as a witness a lawyer who was in the assembly room at the same time. As Selders' offer-of-proof, the lawyer testified out of the jury's presence that the woman he saw "didn't seem to be distraught" but, rather "seemed to be composed."[3] He added: "As a matter of fact, while we were in that assembly area, the minutes we were in there, she primped and was very composed as far as I could—I never realized that she was a victim." He also testified as an offer-of-proof that she did not appear to be crying or sobbing in the room. The trial court excluded the testimony.

■

A trial court's decision to admit or exclude evidence is a discretionary determination and will not be upset on appeal if it has "a reasonable basis" and was made " 'in accordance with accepted legal standards and in accordance with the facts of record.' " *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983) (citation omitted). We must affirm, however, if the trial court's determination is supportable by the record irrespective of the trial court's rationale. *See State v. Holt,* 128 Wis. 2d 110, 124–125, 382 N.W.2d 679, 687 (Ct. App. 1985). The trial court gave the following reasons in granting the state's motion in limine to exclude the lawyer's testimony:

> Number one, there is no point in comparing what the witness was like before the line-up with what she was like after the line-up.
> Number two, it's remote in time. It's three months afterwards. I'd originally indicated I felt this

---

[3]For the purposes of the offer-of-proof, the state "assume[d]" that the woman was K.L.

was—this whole topic was essentially irrelevant and was not going to allow this, at least that was the preliminary view. And the defense, I think, sought to bootstrap this evidence into the record by trying to get some other evidence in the record on it first.

The State didn't affirmatively go out and try to prove what the witness was like and what her reactions were like at the time of the line-up, besides which it's a normal human I think tendency if there is going to be some emotional reaction to have it after you see the person in the line-up and not before the line-up.

The testimony of what she looked like before the line-up is even more irrelevant than testimony of what she looked like after the line-up, so I'm not going to allow the testimony. It's collateral at best. Under 904.03 I think it's a waste of the jury's time.

When Selders' counsel pointed out that the detective had testified about his observations before, not after, the line-up, the trial court reiterated its position that the proffered evidence was "irrelevant" and "collateral at best," and that it should be excluded under Rule 904.03, Stats.

Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 904.01, Stats. The requirement that the "fact" towards which the evidence is addressed be "of consequence" to the action's determination is the rule's mandate of materiality. Stated another way, unless the issue towards which the proffered evidence is directed is "material," the proffered evidence is not "relevant." *See Rogers,* 93 Wis. 2d at 688, 287 N.W.2d at 776. Irrelevant evidence "is not admissible." Rule 904.02, Stats.

Selders' trial counsel offered the lawyer's testimony in support of the defense theory that K.L. "was able to turn on and turn off, so to speak, the tears at least at that point," and that her accusations against Selders were made up. Absent any showing, however, that K.L.'s alleged ability to feign emotion was material to an issue in the case other than K.L.'s credibility as a witness, and Selders has made no such showing, the lawyer's testimony was not admissible.

As the trial court indicated, the mere fact that Selders elicited testimony concerning K.L.'s demeanor from the police officer—which, although unobjected-to, was not relevant—did not make relevant the lawyer's proposed testimony to the contrary. Additionally, insofar as the lawyer's testimony addressed K.L.'s credibility as a witness, it was not admissible because it constituted extrinsic evidence of "specific instances" of K.L.'s conduct. *See* Rule 906.08(2), Stats.[4] Furthermore, the lawyer's statement that he did not realize that K.L. was a victim because of the way she acted in the assembly room was similarly not admissible since it was, in effect, his opinion as to whether she was telling the truth. *Cf. State v. Haseltine,* 120 Wis. 2d 92, 95–96, 352 N.W.2d 673, 675–676 (Ct. App. 1984) (expert witness' opinion that defendant's daughter was an incest victim was, in effect, an opinion that daughter was telling the truth and

---

[4]Rule 906.08(2), Stats., provides:

SPECIFIC INSTANCES OF CONDUCT. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

was thus inadmissible). Although the trial court was mistaken when it recalled that the police officer's testimony was about K.L.'s demeanor after the line-up, exclusion of the lawyer's proposed testimony was required by law. Accordingly, the trial court's decision not to permit the lawyer to testify did not constitute "an abuse of discretion"—as that phrase is used by *Pharr.*

C. Selders' third claim of error is that, in his view, the trial court should not have instructed the jury that it could consider his conduct after the crime as "consciousness of guilt." The trial court instructed the jury in accordance with Wis J I—Criminal 172 as follows:

> Evidence of the conduct or whereabouts of a person after a crime has been committed or after that person has been accused of a crime are circumstances which you may consider along with all the other evidence in determining guilt or innocence. Whether or not evidence of such conduct or whereabouts in this case shows a consciousness of guilt and whether or not consciousness of guilt shows actual guilt are matters exclusively for you, the jury, to determine. And you must consider that there may be many reasons unrelated to guilt for such conduct. You must also consider that feelings of guilt do not necessarily reflect actual guilt.

A trial court has broad discretion in instructing the jury on the law, and we will not reverse if the instruction at issue correctly states the law and is supported by facts that were properly before the jury. *See State v. Herriges,* 155 Wis. 2d 297, 300, 455 N.W.2d 635, 637 (Ct. App. 1990). The trial court's instruction was an accurate statement of the law. *See Wangerin v. State,* 73 Wis. 2d 427, 437, 243 N.W.2d 448, 453 (1976) ("It is well established in this state that evidence of flight and resistance

to arrest has probative value of guilt."). The instruction was also well-founded in the evidence. Thus, for example, K.L. testified that when she was able to escape from Selders by flagging down a passing motorist, "he ran the other way." Additionally, Selders' brother testified that Selders left Milwaukee on June 3rd, which was the day after the alleged assault. Selders testified that when he went to Denver by bus on June 3rd he purchased the ticket when he arrived at the station, although he claimed that he had planned the trip in advance. Under these circumstances, the jury could, in the exercise of its discretion, properly consider his actions as his consciousness of guilt, and instructing the jury in accordance with Wis J I—Criminal 172 was not error.

*By the Court.*—Judgment affirmed.