COURT OF APPEALS
DECISION
DATED AND FILED

August 13, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1125**

STATE OF WISCONSIN

Cir. Ct. No. 1989CF892809

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

BERNELL SELDERS, JR.,

      DEFENDANT-APPELLANT.

      APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

      Before White, C.J., Geenen and Colón, JJ.

      **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Bernell Selders, Jr. appeals from an order of the circuit court denying his postconviction motion for sentence modification.  For the reasons set forth below, we affirm.

## BACKGROUND

¶2    In 1990, Selders was convicted by a jury of two counts of first-degree sexual assault and subsequently sentenced to a total of sixty years of imprisonment.  This court affirmed on appeal.  *State v. Selders*, 163 Wis. 2d 607, 472 N.W.2d 526 (Ct. App. 1991).

¶3    In April 2023, Selders filed a motion for sentence modification based on a new factor.[1]  In his motion, Selders argued that a change in Wisconsin's parole policy resulted in more requests for parole being denied, and he argued that this change in parole policy constituted a new factor that warranted sentence modification.  He further maintained that he was first eligible for parole in 2004 after he had served 25% of his sentence, his parole was "deferred" on several occasions since that time, and under the old sentencing laws, circuit courts "generally" expected that defendants would be released on parole prior to their mandatory release dates.

¶4    The circuit court denied the motion, finding that a change in parole policy is not a new factor warranting sentence modification because "the court's sentence was not based on any hope or expectation that this particular defendant would be granted parole at any point."  Rather, the circuit court found that the

---

[1] Prior to the motion underlying this appeal, Selders filed several *pro se* motions and letters seeking various other forms of relief.

sentence was based on the protection of the public by separating Selders from the public for "as long as possible."

¶5      Selders appeals.

## DISCUSSION

¶6      On appeal, Selders argues that he is entitled to sentence modification based on the existence of a new factor, with the new factor being a change in Wisconsin's parole policy.  We disagree.

¶7      A defendant may seek a modification of his or her sentence "upon the defendant's showing of a 'new factor.'"  *State v. Harbor*, 2011 WI 28, ¶35, 333 Wis. 2d 53, 797 N.W.2d 828 (citation omitted).  To do so, the defendant first "has the burden to demonstrate by clear and convincing evidence the existence of a new factor."  *Id.*, ¶36.  Second, "if a new factor is present, the circuit court determines whether that new factor justifies modification of the sentence."  *Id.*, ¶37.  "Thus, to prevail, the defendant must demonstrate both the existence of a new factor and that the new factor justifies modification of the sentence."  *Id.*, ¶38.

¶8      The definition of a new factor is well-settled as "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because … it was unknowingly overlooked by all of the parties."  *Rosado v. State*, 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975).

¶9      "Whether a fact or set of facts presented by the defendant constitutes a 'new factor' is a question of law" that we review independently.  *Harbor*, 333 Wis. 2d 53, ¶33 (citation omitted).  However, we review "[t]he determination of

whether that new factor justifies sentence modification" for an erroneous exercise of discretion. *Id.*

¶10 Selders specifically argues on appeal that a change in parole policy constitutes a new factor that justifies sentence modification.[2] "[A] change in parole policy cannot be relevant to sentencing unless parole policy was actually considered by the circuit court." *State v. Franklin*, 148 Wis. 2d 1, 14, 434 N.W.2d 609 (1989). In other words, "[i]t is not a relevant factor unless the court *expressly* relies on parole eligibility." *Id.* at 15 (emphasis added). If "parole policy was irrelevant to the original sentencing decision, a subsequent change in parole policy cannot make the original sentence unjust." *Id.* at 14.

¶11 We conclude that Selders has failed to demonstrate by clear and convincing evidence that any change in Wisconsin's parole policy constitutes a new factor warranting modification of his sentence.

¶12 At the time of sentencing, the circuit court explained, "This crime is more serious than most first-degree sexual assaults I've ever seen. The only thing that could have been done that was not would have been to torture this victim over some longer period of time." The circuit court continued:

---

[2] In addition to the published authority of *State v. Franklin*, 148 Wis. 2d 1, 434 N.W.2d 609 (1989), from our supreme court, Selders relies on several circuit court decisions and a summary disposition as support for his position. We decline to address the circuit court decisions and the summary disposition. *See* WIS. STAT. RULE 809.23(3) ("A court need not distinguish or otherwise discuss an unpublished opinion[.]"); *see also* *Kuhn v. Allstate Ins. Co.*, 181 Wis. 2d 453, 468, 510 N.W.2d 826 (Ct. App. 1993) (stating that a circuit court decision is "neither precedent nor authority upon which this court may base its decision"). We further decline to address these cases under the authority of *Solem v. Helm*, 463 U.S. 277 (1983). In *Helm*, the United States Supreme Court conducted an intrajurisdictional comparison of sentences for a proportionality analysis under the Eighth Amendment, which is inapplicable here.

> This [was] not simply a sexual assault. This was an acting out by a person who for whatever reasons, deep seated psychological problems that Mr. Selders has, sought to—in addition to just simply assaulting a victim sought to humiliate her, to degrade her, to terrorize her, to do damage far more severe than physical damage. Mr. Selders engaged in both deliberately and intentionally inflicting physical damage and harm to this woman.

After further describing Selders's conduct as "frightening," the circuit court continued that the community needs protection from him and that Selders is "doubly dangerous." The circuit court then detailed Selders's criminal behavior that began in his early adolescence—which included prior sexual assaults—and the circuit court added that "as a result of all of this that at the present time there is no hope for Mr. Selders to change his behavior significantly" and the circuit court did not "see how that [would] happen in any foreseeable timeframe." Thus, the circuit court considered "the only appropriate thing for a [c]ourt to do is to separate that person from the community to safeguard the community for as long as possible."

¶13 Based on the above explanation of the circuit court at the time of sentencing, it is clear that Selders's eligibility for parole did not factor into the original sentencing decision, and it was irrelevant to the sentence imposed. Rather, Selders's sentence was motivated by the protection of the public and separating Selders from the public for the longest amount of time possible. Any change in Wisconsin's parole policy, therefore, does not constitute a new factor warranting sentence modification. *See **Franklin***, 148 Wis. 2d at 15 ("Because it was not expressly considered by the court in sentencing, parole policy was not relevant to the imposition of this sentence.").

¶14 The circuit court clearly and plainly stated at the time of sentencing that the sentence imposed was intended to separate Selders from the community

"for as long as possible," and Selders fails to identify any intent that his sentence was imposed with the intent to release him on parole prior to his mandatory release date. Indeed, Selders's argument that he expected to be paroled once he became eligible in 2004 runs counter to the circuit court's expressed reasoning, and it follows that Selders's parole eligibility was not actually considered by the circuit court at the time of sentencing. *See Franklin*, 148 Wis. 2d at 14-15.

¶15 Accordingly, we affirm the circuit court's order.[3]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] To the extent that Selders argues that this court has discretion to modify Selders's sentence in the absence of a new factor, we reject his argument as undeveloped. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).