GODARD, Plaintiff in error, v. STATE, Defendant in error.

*No. State 220. Submitted May 4, 1972.—Decided June 8, 1972.*
(Also reported in 197 N. W. 2d 811.)

The cause was submitted for the plaintiff in error on the brief of *Victor Godard* of Waupun, pro se, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HALLOWS, C. J. It is true Godard on February 17, 1967, was named in a criminal complaint and the preliminary hearing was adjourned twice, the latter time indefinitely. A year later the complaint was filed and a preliminary hearing had. But this unexplained long delay in holding a preliminary hearing of one charged with crime did not deprive the court of jurisdiction although sec. 954.05 (1), Stats. 1967,[1] in effect at the time of the complaint required the consent of the defendant for an adjournment exceeding ten days. A violation of the section causes the court to lose only personal jurisdiction of the defendant and not jurisdiction of the subject matter. Consequently, when Godard pleaded guilty to the information after the bindover, he waived the loss of personal jurisdiction. Actually his failure to object at the preliminary hearing was a waiver. *Logan v. State* (1969), 43 Wis. 2d 128, 138, 168 N. W. 2d 171; *Flowers v. State* (1969), 43 Wis. 2d 352, 366, 168 N. W. 2d 843; *Crummel v. State* (1970), 46 Wis. 2d 348, 356, 174 N. W. 2d 517. Although there is some language in *State ex rel. Klinkiewicz v. Duffy* (1967), 35 Wis. 2d 369, 151 N. W. 2d 63, relied on by Godard, which indicates a trial court loses subject-matter jurisdiction under sec. 954.05 (1), our more recent cases of *Logan, Flowers,* and *Crummel* are unequivocal in their language that the loss of jurisdiction

[1] "954.05 **Adjournments of hearing.** (1) The magistrate may adjourn the examination from time to time, but not exceeding 10 days at one time without the consent of the defendant, and to any place in his county, and the defendant shall be committed in the meantime unless he is bailed."

under this section is only of the personal jurisdiction over the defendant. While not relevant to this holding, we point out that sec. 954.05 (1) is no longer in the statutes and an adjournment of a preliminary hearing, now governed by sec. 970.03 (2),[2] does not require the consent of the defendant.

Godard argues his sentence of eight years for uttering two checks of $55 each is so excessive as to constitute cruel and unusual treatment. We have said the test of cruel and unusual punishment is whether the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. *State v. Seraphine* (1954), 266 Wis. 118, 122, 62 N. W. 2d 403; *State v. Pratt* (1967), 36 Wis. 2d 312, 322, 153 N. W. 2d 18; *Hanson v. State* (1970), 48 Wis. 2d 203, 206, 179 N. W. 2d 909; *Mallon v. State* (1970), 49 Wis. 2d 185, 192, 181 N. W. 2d 364; *State v. Morales* (1971), 51 Wis. 2d 650, 657, 187 N. W. 2d 841; *State ex rel. Warren v. County Court* (1972), 54 Wis. 2d 613, 197 N. W. 2d 1. However, we do not reach this question because of the lack of facts. The record discloses only the trial court sentenced Godard to eight years in prison. The record does not disclose whether there were two concurrent eight-year sentences, one on each count of forgery of a $55 check or whether each count carried a four-year sentence consecutively totaling eight years. The record merely states a sentence of eight years. We think this case must be remanded to the trial court for clarification of the sentence.

---

[2] "970.03 **Preliminary examination.** . . . (2) The preliminary examination shall be commenced within 20 days after the initial appearance of the defendant if the defendant has been released from custody or within 10 days if the defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time."

On the other issue raised in the motion for post-conviction relief the court is equally divided and Mr. Justice BEILFUSS has not participated. Consequently, the conviction on this issue is automatically affirmed.

*By the Court.*—The order is affirmed, but the cause is remanded for clarification of the sentence.

BEILFUSS, J., took no part.