2019 WI 26

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1618-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |           Plaintiff-Appellant-Petitioner, |
| |     v. |
| | Michael A. Keister, |
| |           Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | March 19, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 18, 2019 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Iowa |
|   JUDGE: | William Andrew Sharp |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *Tiffany M. Winter*, assistant attorney general. With whom on the briefs is *Brad D. Schimel*, attorney general. There was an oral argument by *Tiffany M. Winter*.

For the defendant-respondent, there was a brief filed by *Jeremy C. Perri*, assistant state public defender. There was an oral argument by *Jeremy C. Perri*.

violates an individual's substantive due process rights when

must define expulsion procedures for treatment courts in order to survive a procedural due process challenge. Keister, however, now concedes both issues and agrees with the State that the circuit court erred in declaring the statute unconstitutional. We vacate the order of the circuit court.[2]

¶2 The facts relevant to this appeal are summarized as follows. In November 2015, Keister overdosed on heroin while on extended supervision in two Sauk County felony cases. Later that month, Keister voluntarily applied for admission to the Iowa County Drug Treatment Court program. Keister was charged with possession of heroin and drug paraphernalia in Iowa County in December 2015 as a result of his heroin overdose. In August 2016, Keister picked up new charges in Sauk County.[3] Based on the new Sauk County charges, the State moved to expel Keister from the Iowa County Drug Treatment Court program pursuant to Wis. Stat. § 165.95(3)(c). Keister advised that he would challenge the expulsion on constitutional grounds.

¶3 In January 2017, with the expulsion hearing still pending, Keister pled no contest to possession of heroin in Iowa County.[4] The State agreed to make the following conditional

---

[2] The Honorable William Andrew Sharp of Iowa County presided.

[3] Keister was charged with substantial battery, strangulation/suffocation, and felony bail jumping.

[4] In exchange, the State dismissed the drug paraphernalia charge.

sentencing recommendations: (1) if Keister was not expelled from the Iowa County Drug Treatment Court program, the State would recommend two years of probation, conditioned upon participation in and completion of the program; (2) if Keister was expelled from the Iowa County Drug Treatment Court program, the State would recommend four months in jail. A sentencing date was set off into the future.

¶4 In February 2017, Keister filed a motion challenging the constitutionality of Wis. Stat. §§ 165.95(1)(a) and (3)(c). Keister asserted that the statute violated his substantive and procedural due process rights because it required mandatory expulsion of a "violent offender" from drug treatment court with no requirement that the allegations be proven and no meaningful opportunity to be heard prior to expulsion. The circuit court issued a declaratory judgment in July 2017, ruling that §§ 165.95(1)(a) and (3)(c) violated Keister's substantive and procedural due process rights.[5] The circuit court held that Keister faced potential deprivation of his liberty as a result of §§ 165.95(1)(a) and (3)(c) and that there was no compelling state interest to justify infringing on Keister's fundamental liberty interest. The circuit court further held that the filing of the Sauk County criminal complaint alleging that Keister was a violent offender was the only process provided by

---

[5] The circuit court also granted Keister's motion to dismiss the State's motion to expel Keister from drug treatment court.

3

§ 165.95 and that therefore the statute deprived Keister of his liberty without any procedural due process.

¶5    The State appealed the circuit court's decision. Two months later, the new charges filed against Keister in Sauk County were dismissed.  Keister did not have an offense pending and thus no longer met the definition of "violent offender" for purposes of the motion to expel.  Keister was, however, revoked from his extended supervision and sentenced to prison.  Keister was eventually placed on probation for three years for possession of heroin in Iowa County, with the condition that he successfully complete the Iowa County Drug Treatment Court program.

¶6    We first note that although this case is moot with respect to Keister, we accepted this petition because the issues involved are likely to arise again and this court could alleviate uncertainty.  See State v. Morford, 2004 WI 5, ¶7, 268 Wis. 2d 300, 674 N.W.2d 349.[6]

---

[6] We acknowledge that reviewing courts generally decline to decide moot issues but may do so under certain circumstances. State v. Morford, 2004 WI 5, ¶7, 268 Wis. 2d 300, 674 N.W.2d 349.   However, this court has held that it may decide an otherwise moot issue if it:

> (1) [I]s of great public importance; (2) occurs so frequently that a definitive decision is necessary to guide circuit courts; (3) is likely to arise again and a decision of the court would alleviate uncertainty; or (4) will likely be repeated, but evades appellate review because the appellate review process cannot be completed or even undertaken in time to have a practical effect on the parties.

(continued)

¶7 Wisconsin Stat. § 165.95(2) provides, in relevant part, that the Wisconsin Department of Justice shall make grants to counties and tribes "to enable them to establish and operate programs . . . that provide alternatives to prosecution and incarceration for criminal offenders who abuse alcohol or other drugs." The statute further sets forth rules and guidelines for programs receiving grant funds. Section 165.95(3)(c) requires that programs created pursuant to the grant program establish criteria for a person's participation, including criteria that specifies that a "violent offender" is not eligible to participate in the program. Section 165.95(1)(a) defines a "violent offender" as a person who "has been charged with or convicted of an offense in a pending case and, during the course of the offense, the person carried, possessed, or used a dangerous weapon, the person used force against another person, or a person died or suffered serious bodily harm."[7]

¶8 Substantive and procedural due process rights emanate from the Fourteenth Amendment. Penterman v. Wisconsin Elec. Power Co., 211 Wis. 2d 458, 473, 565 N.W.2d 521 (1997); see also Wis. Const. art. I, § 8. To succeed on a substantive due process claim, a party must demonstrate that he or she has been

_____

Id. This appeal satisfies (3).

[7] This subsection was renumbered to Wis. Stat. § 165.95(1)(bg)1. due to 2017 Wis. Act 351. Wisconsin Stat. § 165.95(1)(b), which provides an alternative definition of "violent offender," renumbered to § 165.95(1)(bg)2., does not apply.

5

deprived of a liberty or property interest that is constitutionally protected. Penterman, 211 Wis. 2d at 480; see also Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Fundamental liberty interests are interests "so rooted in the traditions and conscience of our people as to be ranked as fundamental." United States v. Salerno, 481 U.S. 739, 751 (1987). Where there is no fundamental liberty interest implicated, the legislative enactment must be sustained "unless it is 'patently arbitrary' and bears no rational relationship to a legitimate government interest." State v. McManus, 152 Wis. 2d 113, 131, 447 N.W.2d 654 (1989).

¶9 The circuit court held that because Keister could be sentenced to jail for possession of heroin if he were to be expelled from the Iowa County Drug Treatment Program, Wis. Stat. § 165.95 implicated a fundamental liberty interest. Keister now concedes and the State agrees that § 165.95 does not create a fundamental liberty interest. We concur that § 165.95 which helps fund, but does not create, drug treatment programs, is not so rooted in the traditions and conscience of our people so as to create a fundamental liberty interest. It is therefore sufficient that § 165.95 be rationally related to a legitimate government interest. Section 165.95(3)(b) provides that the grant program is designed to "promote public safety, reduce prison and jail populations, reduce prosecution and incarceration costs, reduce recidivism, and improve the welfare of participants' families by meeting the comprehensive needs of participants." We conclude that the State has a rational basis

to exclude violent offenders from drug treatment programs because they may have additional treatment and supervision needs and may also have their progress in the treatment court program hampered by the possibility of incarceration in a pending case.

¶10 The circuit court further concluded that because Wis. Stat. § 165.95 does not provide procedures for expulsion from drug treatment programs for persons labeled "violent offenders," the statute violated Keister's procedural due process rights. To prove a procedural due process violation, a party must show "a deprivation by state action of a constitutionally protected interest in 'life, liberty or property' without due process of law." Thorp v. Town of Lebanon, 2000 WI 60, ¶53, 235 Wis. 2d 610, 612 N.W.2d 59 (quoted source omitted).

¶11 The parties concede that because Wis. Stat. § 165.95 is a funding statute, it need not set forth procedures for expulsion in order to survive a procedural due process challenge. We agree. Section 165.95 gives discretion to the individual counties to define rules and procedures for their treatment programs, including expulsion procedures. We decline to address the procedures used by Iowa County regarding expulsion from the Iowa County Drug Treatment Court program because those procedures are not in the record and Keister himself was never subject to those procedures.[8] We decline to

---

[8] Keister was ultimately not deprived of a liberty or property interest as he was given the opportunity to continue his participation in the Iowa County Drug Treatment Court program.

exercise our superintending authority here, as suggested by Keister, because the "necessities of justice" do not require it. Arneson v. Jezwinski, 206 Wis. 2d 217, 225, 556 N.W.2d 721 (1996).

¶12 We agree with the parties' concessions and conclude that Keister does not have a fundamental liberty interest in continued participation in a treatment court funded by Wis. Stat. § 165.95 and that as a funding statute, § 165.95 need not provide expulsion procedures to survive a procedural due process challenge.  Accordingly, we summarily reverse the circuit court's declaratory judgment order.

*By the Court.*—The decision of the court of appeals is reversed; circuit court order vacated.