# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 9, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP177-CR**

Cir. Ct. No. **2019CF1630**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

CHRISTOPHER S. BUTLER,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Brown County: BEAU LIEGEOIS, Judge. *Reversed and cause remanded with directions*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1 GILL, J. Christopher S. Butler appeals an order denying his motion to dismiss his criminal charges based on his claim that the circuit court lacked personal jurisdiction over Butler because he was held in pretrial custody for 321 days before his initial appearance was completed, and 342 days before his

preliminary hearing was held. Butler also asserts a ***Riverside***[1] violation, as well as violations of his constitutional and statutory rights to a speedy trial and his Fourteenth Amendment right to procedural due process.

¶2 We agree that the circuit court lost personal jurisdiction over Butler by not completing Butler's initial appearance "within a reasonable time." *See* WIS. STAT. § 970.01 (2021-22).[2] We conclude that when determining whether a sua sponte adjournment of an incomplete initial appearance—solely to locate counsel for a defendant—is "reasonable," circuit courts and court commissioners must make factual findings on the record considering the justification for the adjournment, the possible prejudice to the defendant, and, where applicable, public interest. *See **State v. Lee***, 2021 WI App 12, ¶¶43, 50, 396 Wis. 2d 136, 955 N.W.2d 424; ***State v. Selders***, 163 Wis. 2d 607, 614-15, 472 N.W.2d 526 (Ct. App. 1991). The record before us lacks any evidence of such considerations. Accordingly, we reverse the order denying Butler's motion to dismiss and remand with directions for the court to grant the motion and dismiss the criminal complaint and Information without prejudice. We conclude that the remainder of Butler's claims lack merit.

## BACKGROUND

¶3 On October 9, 2019, a Green Bay police officer was advised of a report that Butler had molested two young females. At the time of this report, Butler was on probation in a separate case. As a result of the allegations, a

---

[1] ***County of Riverside v. McLaughlin***, 500 U.S. 44 (1991).

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

probation hold was issued against Butler, and he was taken into custody on October 10. On October 23, 2019, Butler was charged with three felonies, each as a repeater: (1) repeated sexual assault of same child (a Class B felony) as a "persistent repeater"; (2) repeated sexual assault of same child (a Class C felony) as a "persistent repeater"; and (3) exposing genitals to a child (a Class I felony).[3]

¶4      Butler's initial appearance commenced on the day he was charged. At that hearing, Butler appeared with an attorney from the Office of the State Public Defender (SPD).[4]  A court commissioner set cash bail at $75,000, and then stated that he would "schedule a balance of initial appearance." At the time, the Brown County Circuit Court's policy was to adjourn a defendant's initial appearance until counsel was appointed to represent the defendant. Based on this policy, the court commissioner did not make a probable cause finding at Butler's first hearing. In fact, the court commissioner informed Butler, "Just given the nature of this [case], I expect it will take the [SPD] some time to appoint."

¶5      From October 23, 2019, to April 22, 2020, Butler was in custody and had six "adjourned initial appearances." At each hearing, an SPD attorney appeared with Butler, and he or she informed a court commissioner that the SPD was still attempting to find an attorney to represent Butler. At the conclusion of these appearances, either the SPD attorney asked for another initial appearance

---

[3] In 2000, Butler was found guilty of a serious child sex offense. *See* WIS. STAT. § 939.62(2m)(a)1m.  Therefore, if found guilty of either sexual assault charge in this case, Butler faces a mandatory sentence of life imprisonment without the possibility of parole or extended supervision. *See* § 939.62(2m)(b)2., (c).

[4] For purposes of this opinion, whenever Butler appeared with an SPD attorney, the attorney's appearance was a limited appearance for that hearing only.

date or the court commissioner adjourned the initial appearance sua sponte.[5] Although the State appeared at each of Butler's hearings, the State gave no input as to the adjourned initial appearances. At no point during these hearings was a probable cause finding made.

¶6     On February 17, 2020, Butler had his final probation revocation hearing in his prior case. An administrative law judge ruled in Butler's favor, and he was not revoked. Sometime thereafter, Butler's probation hold was lifted, but he was unable to pay the bail amount in this case and remained in custody.

¶7     On March 24, 2020, Butler filed a pro se motion titled "Demand for Speedy Trial," in which he cited WIS. STAT. § 970.03(2), and argued that he "has a statutory right to be brought to a preliminary examination within 10 days of his initial appearance." Butler also argued that "[p]ersonal jurisdiction has been lost due to the preliminary examination not being timely held." His motion also cited his statutory and constitutional rights to a speedy trial. The motion was never formally heard or ruled on by a court commissioner or the circuit court.

¶8     On April 17, 2020, the SPD appointed Attorney Aileen Henry to represent Butler. At the next adjourned initial appearance on April 22, Henry informed a court commissioner "that at the time I accepted the case from the [SPD], I did not realize that [Butler] had put in a speedy trial demand…. I'm not sure that I will be able to meet [his] speedy trial demand …." The court commissioner warned Butler that if Henry withdrew, "I wouldn't be shocked if it takes that much longer to get you a new lawyer, at which point your speedy trial

---

[5] Between October 23, 2019, and April 22, 2020, SPD attorneys also made two requests for Butler's bail to be reduced. Both requests were denied.

demand probably doesn't mean a whole lot." Butler then inquired with the court commissioner why the process of hiring an attorney took so long, and the court commissioner responded, "Shortage of attorneys willing to take public defender cases. That's the only explanation I can give you." The court commissioner set a hearing for the following week to allow Butler and Henry to determine if she would continue to represent Butler. The court commissioner still did not make a finding regarding probable cause.

¶9     At the next hearing the following week, Henry informed a court commissioner that "[w]e've agreed that I should withdraw and have the [SPD] try to find [Butler] counsel that will be able to get him a trial within the timeframe that he wants." The court commissioner again warned Butler that "it may take the [SPD] months to appoint you an attorney again." Butler insisted that he wanted to proceed with a speedy trial, and the court commissioner granted Henry's motion to withdraw as Butler's attorney.

¶10     From April 28 to June 22, 2020, nothing in Butler's case changed procedurally. Butler had two more adjourned initial appearances, during which SPD attorneys again informed court commissioners that the SPD was still looking for an attorney to represent Butler. Butler's bail was reduced to $50,000 on May 5, but he remained in custody.[6] On May 27, Butler filed another pro se motion, arguing, among other things, that his rights under the Sixth and Fourteenth Amendments were being violated.

---

[6] Butler filed several more bond modification motions, all of which were either denied or not addressed.

¶11 On June 22, 2020, the State filed a letter with the circuit court stating that it "felt compelled to raise" concerns with the court regarding the length of time Butler's case had been pending. Citing "the statutory and constitutional rights of the parties and the [alleged] victims," the State pointed out that "there have been twelve court appearances in this case" over the course of eight months.

¶12 In response to the State's letter, the circuit court scheduled a hearing for July 1, 2020. During that hearing, the court stated that it "should intervene to see how I can troubleshoot getting an attorney appointed faster." The court then set another adjourned initial appearance for later that month.

¶13 At Butler's next hearing, which was held before a court commissioner, Butler appeared with an SPD attorney who informed the court commissioner that the office was still looking for an attorney to represent Butler. Butler asked the court commissioner, "How long is this going to take? I've been in here for nine months without an attorney. It's an ongoing issue. I feel like my rights are being violated, all types of things." The court commissioner responded, "[T]he only thing we can do is just see what will happen, if anyone is willing to appoint you an attorney."

¶14 At a subsequent hearing on July 16, 2020, Butler appeared with an SPD attorney. A court commissioner stated that "Judge Liegeois wanted me to place on the record today, the status" of the case. Specifically, the court commissioner informed the parties that Judge Liegeois "had contacted four attorneys to see if they would take the case at the [SPD] rate. Thus far, two had refused and two he had not heard back from, at least as of yesterday.... So I will put it on, on a weekly basis, going forward." The court commissioner then set

6

another adjourned initial appearance for the following week. The court commissioner made no probable cause finding.

¶15    At the next hearing on July 23, 2020, a court commissioner informed the parties that Judge Liegeois had located Attorney Christopher Hartley to represent Butler, but that the SPD was "contacting the attorney to see if he qualifies for the appointment." Butler stated that he "reject[ed] … any other court hearings. This is getting out of hand. I want that on [the] record also." The court commissioner scheduled an adjourned initial appearance hearing for the following week.

¶16    On July 30, 2020, Butler again appeared with an SPD attorney, who informed a court commissioner that the SPD had sent Hartley the paperwork to get certified by the SPD to represent Butler. On August 6, 2020, an SPD attorney informed the court commissioner that Hartley "does not take cases from the [office], regularly…. [T]herefore, he has to call the [office] and basically sign up and register with us. We can't just hand out, especially a case like this, to just anybody. That attorney has not done that yet. We just confirmed that today." After going through the SPD's appointment process, Hartley was appointed as Butler's attorney on August 13, 2020.

¶17    On September 8, 2020—321 days after Butler was first charged in this case—Butler appeared in court with Hartley, and the initial appearance was completed. Nevertheless, the court commissioner still did not make a probable cause determination. Butler made no objections during the September 8 hearing. On September 29—342 days after Butler was first charged in this case—a preliminary hearing was held, and the State filed an Information. During the

7

preliminary hearing, a court commissioner found probable cause to bind Butler over for trial. Again, Butler made no objections during the September 29 hearing.

¶18 Butler was arraigned on November 3, 2020, and pled not guilty to the three charges against him. Another hearing was held on November 13, during which the parties discussed the pro se speedy trial motion that Butler filed in March 2020. The circuit court concluded that "there has not been a valid speedy trial demand submitted at this point. The [I]nformation wasn't filed until September 29th[, so] I don't believe [there was a timely assertion]." On November 24, Butler made a formal speedy trial demand, and a jury trial was set for February 2021. Butler's family posted his cash bond in December 2020 and he was released from custody. Subsequently, Butler rescinded his speedy trial request.

¶19 Prior to the trial date, Butler filed a motion to dismiss for lack of personal jurisdiction. Citing our recent decision in *Lee*, Butler argued that the circuit court lost personal jurisdiction over him when it failed to hold a preliminary hearing within ten days of his initial appearance, as required by WIS. STAT. § 970.03(2). Following a hearing on Butler's motion to dismiss, the court denied Butler's motion to dismiss, reasoning that Butler's case was factually distinguishable from *Lee*.

¶20 After the circuit court denied his motion to dismiss, Butler filed a petition for leave to appeal the court's decision. *See* WIS. STAT. RULE 809.50. We granted Butler's petition and stayed his trial pending the appeal. We later stayed Butler's appeal pending the outcome of the Wisconsin Supreme Court's review of *Lee*. Ultimately, our supreme court dismissed its review in *Lee* as

8

improvidently granted, *State v. Lee*, 2022 WI 32, ¶1, 401 Wis. 2d 593, 973 N.W.2d 764 (per curiam), and we lifted the stay on Butler's appeal.

## DISCUSSION

¶21     Butler raises a number of issues on appeal.  First, Butler argues that no probable cause finding was made until his preliminary hearing, in violation of *Riverside*.  Second, Butler argues that the circuit court lost personal jurisdiction over him by continuously adjourning his initial appearance under WIS. STAT. § 970.01(1) and by violating WIS. STAT. § 970.03(2) as provided under *Lee*. Third, Butler claims that his procedural due process rights under the Fourteenth Amendment were violated.  Lastly, Butler contends that both his statutory and constitutional rights to a speedy trial were violated.

## I. Personal jurisdiction

A. <u>Butler did not forfeit his challenges to personal jurisdiction, but he did concede a challenge to a purported *Riverside* violation.</u>

¶22     The State contends that we should not reach the merits of Butler's personal jurisdiction arguments because he forfeited those claims by not objecting to jurisdiction at the time he was arraigned.  "We review de novo whether a defendant adequately preserved his or her right to appellate review of a particular claim."  *State v. McReynolds*, 2022 WI App 25, ¶46, 402 Wis. 2d 175, 975 N.W.2d 265.

¶23     "[F]orfeiture is the failure to make the timely assertion of a right." *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (citation omitted).  "[S]ome rights are forfeited when they are not claimed at trial; a mere failure to object constitutes a forfeiture of the right on appellate review."  *Id.*, ¶30. The purpose of the forfeiture rule is to enable the circuit court to avoid or correct

any error as it comes up, with minimal disruption of the judicial process and maximum efficiency." *State v. Counihan*, 2020 WI 12, ¶26, 390 Wis. 2d 172, 938 N.W.2d 530. "An objection based on a defect in the institution of a criminal proceeding must be raised before trial by motion or be deemed [forfeited]." *See State v. Evans*, 187 Wis. 2d 66, 85, 522 N.W.2d 554 (Ct. App. 1994).

¶24    The State relies heavily on the fact that Butler entered not-guilty pleas at the arraignment. According to the State, three cases dictate that Butler's entry of pleas forfeited his right to challenge the circuit court's personal jurisdiction: *State v. Asmus*, 2010 WI App 48, ¶4, 324 Wis. 2d 427, 782 N.W.2d 435 ("[A] defense of lack of personal jurisdiction is waived by pleading to the [I]nformation."); *Armstrong v. State*, 55 Wis. 2d 282, 285-86, 198 N.W.2d 357 (1972) (same); and *Godard v. State*, 55 Wis. 2d 189, 190, 197 N.W.2d 811 (1972) (same).

¶25    As Butler correctly argues, the defendants in *Asmus*, *Armstrong*, and *Godard* all pled guilty to the charges against them and then attempted to reverse their convictions based on purported jurisdictional defects. Butler, however, has not pled guilty to any of the charges against him. We addressed this distinction in *Selders*, 163 Wis. 2d at 615 n.2, stating that "[a]lthough a [circuit] court's lack of personal jurisdiction *is* waived by a guilty plea that does not preserve the objection, *Godard*, 55 Wis. 2d at 190, 197 N.W.2d at 812, Selders pled not guilty."[7] Like the defendant in *Selders*, Butler pled not guilty at his arraignment and, therefore, did not forfeit a challenge to personal jurisdiction.

---

[7] "Waiver" in this context is actually a form of forfeiture and

(continued)

¶26    The State also argues that Butler forfeited his personal jurisdiction challenges by not objecting to jurisdiction after his initial appearance was completed, at his preliminary hearing, or when he was arraigned. *See Godard*, 55 Wis. 2d at 190 (stating the defendant's "failure to object" to the circuit court's lack of personal jurisdiction "at the preliminary hearing was a waiver"). We also addressed this argument in *Selders*, where the defendant objected at the time of the State's proposed adjournment of his preliminary hearing. *Selders*, 163 Wis. 2d at 613, 615 n.2. We determined that "[a]dditional objections would have been both futile and pointless," and, therefore, the defendant did not waive his objection to personal jurisdiction. *Id.* at 615 n.2 (alteration in original).

¶27    While prior to the completion of the initial appearance, as Butler points out, he did object to there being personal jurisdiction over him. Butler objected on the record in his March 24, 2020 pro se motion, stating that he had "a statutory right to be brought to a preliminary examination within 10 days of his initial appearance" and that the failure to do hold a preliminary hearing within that time limit resulted in personal jurisdiction being lost. Similarly, on July 23, 2020, Butler announced that he "reject[ed] … any other court hearings. This is getting out of hand. I want that on [the] record also." Butler's objections to personal jurisdiction, which occurred prior to the initial appearance being completed, were

---

does not convey the usual meaning of an intentional relinquishment of a known right. Instead, the effect of a guilty plea is to cause the defendant "to forego the right to appeal a particular issue." If we were writing on a blank slate, a more accurate label would be the "guilty-plea-forfeiture" rule, or something to that effect.

*State v. Kelty*, 2006 WI 101, ¶18 n.11, 294 Wis. 2d 62, 716 N.W.2d 886 (citations omitted).

more than sufficient to give "both parties and the circuit court notice of the issue and a fair opportunity to address the objection." *See Ndina*, 315 Wis. 2d 653, ¶30.

¶28    Conversely, we need not address any challenge to a purported *Riverside* violation. On appeal, the State argues that "Butler did not assert an alleged *Riverside* violation at any point prior to his brief before this Court." Butler does not address the State's argument in his reply brief, and we conclude that he conceded any argument to the contrary. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (stating that the failure to refute a proposition asserted in a response brief may be taken as a concession). Therefore, we decline to address the merits of Butler's arguments based upon any alleged *Riverside* violation.

B. The circuit court lost personal jurisdiction over Butler by erroneously exercising its discretion to continuously adjourn the initial appearance, violating WIS. STAT. § 970.01(1).

¶29    Under WIS. STAT. § 970.01(1), "[a]ny person who is arrested shall be taken within a reasonable time before a judge in the county in which the offense was alleged to have been committed." At an initial appearance, the circuit court or a court commissioner has a duty to inform the defendant

> (a) Of the charge against the defendant and shall furnish the defendant with a copy of the complaint which shall contain the possible penalties for the offenses set forth therein. In the case of a felony, the judge shall also inform the defendant of the penalties for the felony with which the defendant is charged.
>
> (b) Of his or her right to counsel and, in any case required by the U.S. or Wisconsin constitution, that an attorney will be appointed to represent him or her if he or she is financially unable to employ counsel.
>
> (c) That the defendant is entitled to a preliminary examination if charged with a felony in any complaint ….

12

WIS. STAT. § 970.02(1). The court must also "admit the defendant to bail in accordance with [WIS. STAT.] ch. 969." Sec. 970.02(2). In addition, if the defendant does not waive his or her preliminary hearing, "the judge shall forthwith set the action for a preliminary examination under [WIS. STAT. §] 970.03." Sec. 970.02(5).

¶30 "The preliminary examination shall be commenced … within 10 days [of an initial appearance] if [a] defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time." WIS. STAT. § 970.03(2). "The primary function of the preliminary examination is to 'protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his [or her] right to liberty.'" *Lee*, 396 Wis. 2d. 136, ¶23 (citation omitted).

¶31 In *Lee*, the State charged Lee with three felonies, and he had his initial appearance the same day. *Id.*, ¶5. At the initial appearance, the circuit court found probable cause and set bail at $25,000. *Id.* Lee was unable to post bail and remained in custody, thus triggering the ten-day statutory time limit to hold a preliminary hearing under WIS. STAT. § 970.03(2). *See Lee*, 396 Wis. 2d 136, ¶6. However, Lee's preliminary hearing was continuously adjourned well beyond the ten-day time limit. *Id.*, ¶¶5-19. In total, Lee was in custody for 113 days before a preliminary hearing was held. *Id.*, ¶1.

¶32 During this time, a court commissioner held eight "review hearings," and each time the commissioner summarily found good cause to extend the time limit for holding Lee's preliminary hearing based solely on the SPD's continued search for an attorney to represent Lee. *Id.*, ¶¶44, 46. Roughly two months after

Lee was charged and incarcerated in pretrial detention, the circuit court held a hearing "to address the delay" in getting Lee an attorney. *Id.*, ¶47. At that hearing, the court asked an SPD attorney to explain the delay, and counsel informed the court that at least 100 attorneys had been contacted about Lee's case. *Id.* The court ultimately relied on the court commissioner's previous findings of good cause to extend the time limit yet again. *Id.*

¶33    "Thereafter, four additional review hearings were held over the course of more than one month before the SPD obtained counsel for Lee." *Id.*, ¶48. We explained that,

> [a]t nearly every hearing, the presiding circuit court judge or court commissioner expressed dismay at the amount of time Lee had been awaiting the appointment of counsel. Yet, none of them made further inquiries of the [SPD] regarding the reason for the delay or considered the possible prejudice Lee suffered by continuing to remain incarcerated without having a preliminary hearing.

*Id.* Only once was the prospect of hiring Lee an attorney at county expense considered, but the court commissioner "elected not to make such an appointment solely on the basis that 'they're trying not to have to do that'—an apparent reference to the costs the county would incur by it appointing counsel." *Id.*

¶34    On appeal, we held that a circuit court's decision to extend the time limit "for cause" under WIS. STAT. § 970.03(2) must be articulated on the record and that simply stating that the SPD was attempting to locate counsel for a defendant, by itself, was not a proper exercise of discretion. *See Lee*, 396 Wis. 2d 136, ¶51. In particular, we reasoned:

> Certainly, difficulty in locating competent counsel to represent an indigent defendant can be a justifiable reason for extending the time limit for the preliminary hearing, especially early in the proceedings. But simply observing

14

that the defendant has not yet had counsel appointed by the [SPD] is insufficient to demonstrate a "reasonable inquiry and examination of the facts."

*Id.* (citation omitted).

¶35 Instead, "a decision to grant relief from a deadline must be based on two major factors: (1) the justification for the relief sought; and (2) the possible prejudice to the opposing party. In appropriate cases, the public interest may also be considered." *Id.*, ¶¶43, 50 (citing *Selders*, 163 Wis. 2d at 614-15). In a case where a circuit court extends the preliminary hearing based on a lack of appointed counsel, it should consider "the nature of the charges against the defendant, the extent of the SPD's efforts to locate counsel, the reasons for the delay in obtaining counsel, … how long that delay is likely to continue given the other circumstances[,]" and "alternate avenues of procuring counsel, like court appointment." *Id.*, ¶¶53-54. Based on the lack of reasoning given by the court commissioner and the court, we determined that the adjournment of Lee's preliminary hearing for 113 days because the SPD could not find an attorney for Lee was an erroneous exercise of discretion. *Id.*, ¶46. We concluded that the remedy for the court erroneously adjourning the preliminary hearing was dismissal of the charges against Lee without prejudice. *Id.*, ¶61.

¶36 Unlike WIS. STAT. § 970.03's timing requirement for a preliminary hearing, WIS. STAT. § 970.01(1) "does not provide for a specific time frame in which [an initial] appearance must take place." *See Evans*, 187 Wis. 2d at 90. Instead, "this court looks at the individual circumstances of the case to determine

15

whether the initial appearance was held within a 'reasonable time' from the defendant's arrest."[8] *Evans*, 187 Wis. 2d at 91 (citation omitted).

¶37 Despite the lack of a specific time frame in which an initial appearance must take place, we conclude that the reasoning from *Lee* applies to WIS. STAT. § 970.01. That is, prior to sua sponte adjourning an initial appearance under § 970.01, a circuit court or court commissioner must consider the justification for the relief sought, the possible prejudice to the opposing party, and, where applicable, public interest. *See Lee*, 396 Wis. 2d 136, ¶¶43, 50.

¶38 We conclude *Lee* is largely applicable in the initial appearance context for several reasons. First, circuit courts and court commissioners have discretionary authority in adjourning initial appearances, just as they do in adjourning preliminary hearings. While WIS. STAT. § 970.01(1) does not expressly allow adjournments, "[c]ourts have the inherent authority to ensure that 'the court functions efficiently and effectively to provide the fair administration of justice.' A court's authority to grant or deny continuances and adjournments is critical to ensuring that it functions efficiently and fairly." *See State v. Chvala*, 2003 WI App 257, ¶19, 268 Wis. 2d 451, 673 N.W.2d 401 (citation omitted). "[M]otions for continuance … are addressed to the sound discretion of the court." *Id.*, ¶21 (citation omitted). As such, we review a court's decision to adjourn a hearing for an erroneous exercise of discretion. *See Lee*, 396 Wis. 2d 136, ¶51.

---

[8] This situation applies "[i]n cases where a defendant's *Riverside* determination was properly made in a proceeding prior to the initial appearance." *State v. Evans*, 187 Wis. 2d 66, 91, 522 N.W.2d 554 (Ct. App. 1994). "If, however, the initial appearance is to also serve as the *Riverside* probable-cause hearing it must be held within 48 hours barring extraordinary circumstances." *Evans*, 187 Wis. 2d at 91. Because Butler conceded that he forfeited a *Riverside* challenge, we address this former scenario in this case.

¶39 As we said in *Selders*,

> [a] decision whether to grant authorized relief from *a deadline* must be based on an analysis of two major factors: (1) the justification for the relief sought; and (2) the possible prejudice to the opposing party. Where appropriate, such as in criminal cases, the public interest should also be considered.

*Selders*, 163 Wis. 2d at 614-15 (emphasis added; citations omitted). *Selders* stated these three factors with reference to cases that did not involve statutorily required "good cause" to adjourn. *See id.* (e.g., citing *Hamiel v. State*, 92 Wis. 2d 656, 674, 285 N.W.2d 639 (1979) (defense requested adjournment to seek counsel or proceed pro se)). In other words, the *Selders* factors are not applicable only to preliminary hearings. In WIS. STAT. § 970.03(2), the "deadline" is ten or twenty days after the initial appearance. *See generally Lee*, 396 Wis. 2d 136. In WIS. STAT. § 970.01(1), the "deadline" is "within a reasonable time."[9]

¶40 Second, aside from the *Riverside* probable cause protections, "[t]he statutory right of an initial appearance 'within a reasonable time' is a codification of the due process rights guaranteed by the United States and Wisconsin Constitutions." *Evans*, 187 Wis. 2d at 90. Furthermore, compliance with WIS. STAT. § 970.02 ensures a defendant understands his or her rights and the charges against him or her. As such, the circuit court or court commissioner is required to inform a defendant at an initial appearance of all matters listed under § 970.02, where applicable. *See State v. Thompson*, 2012 WI 90, ¶66, 342 Wis. 2d 674, 818

---

[9] For purposes of this analysis, we do not find it relevant that WIS. STAT. § 970.01(1) lacks the "for cause" requirement that exists in WIS. STAT. § 970.03(2). For reasons we need not discern, the legislature decided to proscribe a more specific time restraint in § 970.03(2) than in § 970.01(1). What is important for this analysis is that circuit courts and court commissioners have inherent power to adjourn both initial appearances and preliminary hearings.

17

N.W.2d 904.  Importantly, when a defendant is charged only with a misdemeanor or misdemeanors, he or she will not be entitled to a preliminary hearing. Sec. 970.02(1)(c).  In this sense, an initial appearance is even more important given that the charges can immediately be set for trial.  *See* § 970.02(3) (at an initial appearance and "[u]pon the request of a defendant charged with a misdemeanor, the judge shall immediately set a date for the trial").

¶41     Lastly, given the jurisdictional timing requirement in WIS. STAT. § 970.03, *see Lee*, 396 Wis. 2d 136, ¶61, not extending the analysis in *Lee* to adjourned initial appearances would allow repeated adjournments of initial appearances to defeat the primary function behind a preliminary hearing and the timing requirement in § 970.03(2).  As outlined above, § 970.03(2) requires a preliminary hearing be commenced within ten days if a defendant is in custody and bail has been fixed in excess of $500—or twenty days if out of custody.  A circuit court may extend the time for holding a preliminary hearing "[o]n stipulation of the parties or on motion and for cause."  *Id.*  It follows, then, that a repeated adjournment of an initial appearance, without proper consideration, could effectively eliminate the timing requirement under § 970.03(2).  In fact, the State concedes as much, stating "that repeated adjournments [of an initial appearance] could, in some cases, defeat the purpose of [§] 970.03(2), as set forth in [*Lee*]."

¶42     We emphasize that we do not hold that a circuit court or court commissioner "must conduct a relatively thorough inquiry that ensures there is *good cause* for" an adjournment of an initial appearance.  *See Lee*, 396 Wis. 2d 136, ¶59 (emphasis added).  We are cognizant of the fact that WIS. STAT. § 970.01(1) confers a different, and less specific, timing standard than WIS. STAT. § 970.03(2).  As such, our holding is that a circuit court or court commissioner "must conduct a relatively thorough inquiry that ensures" an initial appearance is

held "within a reasonable time" after an arrest.[10] *See Lee*, 396 Wis. 2d 136, ¶59. We therefore hold that *Lee*'s reasoning applies to repeatedly adjourned initial appearances, and that, based on the record before us, an erroneous exercise of discretion occurred when Butler's initial appearance was adjourned for 321 days without proper consideration of the *Selders* factors.[11]

¶43 Proper considerations in determining the justification for adjourning an initial appearance based on a lack of appointed counsel for the defendant, and whether each adjournment will comply with the "reasonable time" requirement, include the following: the extent of the SPD's efforts to locate counsel, the reasons for the delay in obtaining counsel, and how long that delay is likely to continue given the other circumstances. *Lee*, 396 Wis. 2d 136, ¶53. "The circuit court should also consider alternate avenues of procuring counsel, like court appointment." *Id.*, ¶54. "The overall length of the delay is also a factor that must have significance to the determination." *Id.*, ¶57.

¶44 The reasonableness analysis should also take into account whether the defendant is already lawfully in custody for other reasons. "We have stated that 'absent either prejudice or other unforeseen circumstances … the interval

---

[10] We also emphasize, again, that the analysis we outline, and extend from *State v. Lee*, 2021 WI App 12, 396 Wis. 2d 136, 955 N.W.2d 424, is relevant only when a defendant's *Riverside* determination was properly made in a proceeding prior to the initial appearance (or, as in this case, a *Riverside* challenge is not properly before the appellate court). Otherwise, if the initial appearance is to also serve as the *Riverside* probable-cause hearing, it must be held within forty-eight hours, barring extraordinary circumstances. *Evans*, 187 Wis. 2d at 91.

[11] Upon granting Butler's petition for leave to appeal, we asked the parties to consider whether the ten-day deadline under WIS. STAT. § 970.03(2) for holding a preliminary hearing begins to run when a defendant first appears in court or when the initial appearance has concluded. We need not answer this question because we conclude that, under either interpretation, circuit courts cannot adjourn an initial appearance without properly considering the factors articulated in *State v. Selders*, 163 Wis. 2d 607, 614-15, 472 N.W.2d 526 (Ct. App. 1991).

between an arrest and an initial appearance is never unreasonable where the arrested suspect is already in the lawful physical custody of the State.'" *Evans*, 187 Wis. 2d at 91 (citation omitted). Furthermore, a post-arrest detention without an initial appearance is permitted to a certain extent for "proper purpose[s]" such as "determining whether to release or to charge the suspect, checking out a story told by the witness or the suspect, and gathering evidence." *Id.* (citation omitted). Additionally, where an initial appearance is started but not completed, as in Butler's case, courts should consider to what extent there has been compliance with WIS. STAT. § 970.02. *See Thompson*, 342 Wis. 2d 674, ¶85 (remanding to circuit court to determine if court's failure to inform defendant of § 970.02(1)(a) prejudiced the defendant).

¶45 As in *Lee*, the level of thoroughness in determining whether to adjourn an initial appearance should "be reflective of overall length of the delay in each case." *Lee*, 396 Wis. 2d 136, ¶59. A circuit court or court commissioner must "recite on the record the factors that lead it to find" adjourning the initial appearance will not violate the "reasonable time" requirement. *See id.*

¶46 In all, "an appellate court should be able to determine from the record whether discretion was in fact exercised and whether a reasonable judicial mind could have reached the conclusion it did." *Id.* (quoting *State ex rel. La Crosse Tribune v. Circuit Court for La Crosse Cnty.*, 115 Wis. 2d 220, 236-37, 340 N.W.2d 460 (1983)). We will uphold a circuit court's exercise of discretion if it

> applied the proper legal standard to the facts before it and, through a reasoned process, arrived at a reasonable conclusion. "[T]o determine whether the [circuit] court properly exercised its discretion in a particular matter, we look first to the court's on-the-record explanation of the reasons underlying its decision." While this explanation

20

> need not be a lengthy process, the court's statements must "indicate to the reviewing court that the trial court 'undert[ook] a reasonable inquiry and examination of the facts' and 'the record shows that there is a reasonable basis for the … court's determination.'"

*Lee*, 396 Wis. 2d 136, ¶45 (alterations in original; citations omitted).

¶47     Turning to the facts in Butler's case, it is clear that the circuit court and the court commissioners continuously adjourned Butler's initial appearance solely based on locating representation for him.[12] At Butler's first hearing, the court commissioner stated that "given the nature of this [case], I expect it will take the [SPD] some time to appoint." While the court commissioner set Butler's cash bail, it did not conduct any of the other requirements under WIS. STAT. § 970.02, such as informing Butler of the charges against him, the maximum penalties, or his right to a preliminary examination.[13]

¶48     Thereafter, from October 23, 2019, to April 22, 2020, Butler had six adjourned initial appearances. Each of these hearings was adjourned because the SPD was still looking for an attorney for Butler. Particularly troubling is that, at the time of Butler's pretrial detention, the blanket policy of the Brown County

---

[12] We note that the approaches taken by both the circuit court and the court commissioners in this case preceded our decision in *Lee*.

[13] The SPD attorney who appeared with Butler at his first hearing "waive[d]" the reading of the criminal complaint. Still, WIS. STAT. § 970.02(1)(a) states that "[i]n the case of a felony, the judge *shall* also inform the defendant of the penalties for the felony with which the defendant is charged." (Emphasis added.) *See State v. Thompson*, 2012 WI 90, ¶¶62-63, 70, 342 Wis. 2d 674, 818 N.W.2d 904 (judge's duty at initial appearance to personally inform the defendant of penalties—including mandatory minimum penalties—for felonies is mandatory). Especially in a case like Butler's, where he faces a mandatory sentence of life imprisonment without the possibility of parole or extended supervision if convicted of either of the two sexual assault charges against him, the failure to comply with § 970.02(1)(a) is extremely concerning. *See supra* n.3.

21

Circuit Court was to continuously adjourn initial appearances until counsel was located. As we held in *Lee*, "simply observing that the defendant has not yet had counsel appointed by the SPD is insufficient to demonstrate a 'reasonable inquiry and examination of the facts.'" *Id.*, ¶51 (citation omitted). Thus, on the record before us, the reasoning behind Butler's adjourned initial appearances appears to be tied to this blanket policy as opposed to the specific circumstances of Butler's case.

¶49 Further, the record lacks any indication that the circuit court or any court commissioner considered appointing an attorney at county expense when it became clear that the SPD's process may not have a successful outcome. In *Lee*, we observed that after the court became aware of the fact that roughly 100 attorneys had refused to represent Lee, "the need for additional inquiries into the necessity of the delay, as well as consideration of the alternative mechanism for appointing counsel, should have been obvious." *Id.*, ¶52. At the July 1, 2020 hearing in this case, an SPD attorney informed the court that the SPD was having difficulty appointing an attorney for Butler because of his speedy trial demand, lack of experience in the office to accept charges as serious as those against Butler, general attorney case load, and the fact that many private bar attorneys did not qualify to take Butler's case due to the severity of the charges. In response, the court insisted that "we're at the point where the [c]ourt, myself, is going to start calling defense attorneys that are qualified to take this case and see if they will accept the" SPD's appointment. Importantly, the court did not consider appointing an attorney at county expense, which "might prove more compelling to

22

private attorneys," as they would not have to go through the SPD's qualification process and would receive greater compensation.[14] *See id.*, ¶54.

¶50    Crucially, the circuit court and court commissioners did not consider the overall delay Butler faced each time his initial appearance was adjourned. As we stated in *Lee*, "If there has been a speedy trial demand, the length of the delay is an even more significant consideration." *Id.*, ¶57. We reasoned that "the length of the delay … might inform a circuit court's good cause determination to the extent it impacts the weighing of the various interests, including a defendant's eventual invocation of his or her speedy trial right." *Id.*, ¶57 n.21. Here, Butler filed a motion on March 24, 2020, titled "Demand for Speedy Trial," which cited WIS. STAT. § 971.10—Wisconsin's speedy trial statute. The court neither responded to Butler's motion nor considered his demand when it continuously adjourned his initial appearance.

¶51    Additionally, it is clear from the record that the circuit court or court commissioners failed to consider "the possible prejudice" to Butler when deciding to continuously adjourn his initial appearance. *See Selders*, 163 Wis. 2d at 614-15; *see also Lee*, 396 Wis. 2d 136, ¶43. For example, the court did not consider the potential prejudice to Butler from "further evidence gathering by police while incarcerated and the possibility that the delay could compromise the

---

[14] For services performed after January 1, 2020, court-appointed attorneys are generally compensated at a rate of at least $100 per hour, SCR 81.02, while private-bar, SPD-appointed attorneys are compensated at a rate of $70 per hour, WIS. STAT. § 977.08(4m)(d). For services performed prior to January 1, 2020—during part of Butler's pretrial detention—court-appointed attorneys were generally compensated at a rate of $70 per hour, SCR 81.02 (1993), while private-bar, SPD-appointed attorneys were compensated at a rate of $40 per hour, WIS. STAT. § 977.08(4m)(c) (2017-18).

defense or result in lost evidence, to [Butler's] detriment." *See Lee*, 396 Wis. 2d 136, ¶58.

¶52 The time period during which Butler was on a probation hold, however, does not weigh against the State in determining the reasonableness of the timing of the initial appearance. Butler was taken into custody on a probation hold on October 10, 2019, and released from that hold sometime after February 17, 2020. Butler's initial appearance was not completed until September 8, 2020, and his preliminary hearing was not completed until September 29. At the very minimum, the circuit court or court commissioners should have considered the negative prejudice toward Butler from the date he was released from his probation hold until September 8. *See Evans*, 187 Wis. 2d at 90; *see also Lee*, 396 Wis. 2d 136, ¶23.

¶53 The State contends that because Butler "terminated his first attorney," he therefore invited any error under *Lee*. *See State v. Gary M.B.*, 2004 WI 33, ¶11, 270 Wis. 2d 62, 676 N.W.2d 475 (A "defendant cannot create his [or her] own error by deliberate choice of strategy and then ask to receive benefit from that error on appeal" (citation omitted)). As an initial matter, there is no evidence in the record that Butler intentionally manipulated the system to create jurisdictional issues. Moreover, we disagree that Butler "terminated" Henry. Instead, Henry withdrew because she could not meet both Butler's speedy trial demand and provide competent representation. We also disagree that the invited error doctrine has any bearing on this case. To hold otherwise would require Butler to choose between two constitutional rights: the right to a speedy trial and the right to representation by counsel. *See* U.S. CONST. amend. VI; WIS. CONST. art. I, § 7; WIS. STAT. § 971.10(2).

¶54 The State also contends that any violation of rights resulting from continuously adjourning Butler's initial appearance was harmless error because Butler was on a probation hold and because the circuit court eventually found probable cause at the preliminary hearing for all three felonies. *See State v. Nelson*, 2014 WI 70, ¶29, 355 Wis. 2d 722, 849 N.W.2d 317 (holding that harmless error "prohibits reversal … for errors that do not affect the substantial rights of a defendant"). We disagree that the violations in this case did not affect Butler's substantial rights. The purpose behind conducting a timely initial appearance and a timely preliminary hearing would be frustrated if the State was allowed to simply argue that probable cause existed based upon a finding made months or years later—in this case, 342 days—without any protection to the accused beforehand.[15] *See Lee*, 396 Wis. 2d 136, ¶23.

¶55 Under the circumstances of this case, the proper remedy for a violation of WIS. STAT. §§ 970.01(1) or 970.03(2) is dismissal of the charges without prejudice. *See Lee*, 396 Wis. 2d 136, ¶61. Therefore, we reverse the circuit court's order denying Butler's motion to dismiss, and we remand with directions for the court to grant the motion and dismiss the criminal complaint and the Information without prejudice.

---

[15] At Butler's final initial appearance hearing on September 8, 2020, a court commissioner inquired with Hartley on when a preliminary hearing date would work for him. In response, Hartley stated that he would "clear a couple of other things off [his] calendar" and requested a date for late September. Because that date did not work with the court commissioner's calendar, the parties considered September 15 and 22, before settling on September 29. Although Hartley appeared to agree to extending the ten-day deadline under WIS. STAT. § 970.03(2), we note that the court did not find "good cause" to extend the timing requirement. Assuming § 970.03(2) does not attach until after the completion of an initial appearance, *see supra* n.11, Butler's preliminary hearing did not occur until September 29, 2020, more than ten days after the completion of his initial appearance. Our conclusion in this regard could also be grounds for dismissal of the charges against Butler without prejudice. *See Lee*, 396 Wis. 2d 136, ¶61.

## II. Procedural due process

¶56    Butler also contends that his procedural due process rights under the Fourteenth Amendment were violated.  In support, Butler cites his "lengthy [and] arbitrary incarceration," which "deprived him of his constitutional right to a prompt judicial determination as to probable cause, his statutory right to a timely preliminary hearing, and his constitutional and statutory rights to a speedy trial." According to Butler, "[t]he combined deprivation [of] those rights constitutes a flagrant violation of his constitutional rights to procedural due process, which entitles him to dismissal of the charges with prejudice."

¶57    "To prove a procedural due process violation, a party must show 'a deprivation by state action of a constitutionally protected interest in life, liberty or property without due process of law.'"  *State v. Keister*, 2019 WI 26, ¶10, 385 Wis. 2d 739, 924 N.W.2d 203 (citation omitted).  Butler cites no relevant authority in support of his reasoning that his pretrial detention was "arbitrary" or that it otherwise amounted to a procedural due process violation under the Fourteenth Amendment.    While initial appearances have underpinnings of due process protection, we will not develop an argument for a party.  As such, we need not reach the merits of this claim.  *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

## III. Speedy trial

¶58    Lastly, Butler argues that his statutory and constitutional rights to a speedy trial were violated.  A statutory right to a speedy trial under WIS. STAT. § 971.10(2)(a) guarantees a defendant the right to a trial within ninety days of demand.  The constitutional speedy trial right attaches when a defendant "is indicted, arrested, or otherwise officially accused."  *State v. Borhegyi*, 222

Wis. 2d 506, 510, 588 N.W.2d 89 (Ct. App. 1998) (formatting altered; citation omitted). The remedy for a statutory speedy trial violation is to release the defendant from custody, *see* WIS. STAT. § 971.10(4), but the remedy for a constitutional speedy trial violation is dismissal of the charges, *see **State v. Urdahl***, 2005 WI App 191, ¶11, 286 Wis. 2d 476, 704 N.W.2d 324.

¶59　We need not address Butler's statutory speedy trial demand. Butler withdrew his statutory speedy trial demand on January 15, 2021, and he posted bond in this case. Therefore, assuming his statutory speedy trial right was violated, there is no remedy under WIS. STAT. § 971.10(4) available in this case.

¶60　Second, we conclude that Butler's constitutional right to a speedy trial was not violated.[16] "'Whether a defendant has been denied the right to a speedy trial is a constitutional question that this court reviews de novo.' However, we accept any factual findings made by the circuit court unless they are clearly erroneous." ***State v. Lock***, 2013 WI App 80, ¶20, 348 Wis. 2d 334, 833 N.W.2d 189 (citation omitted). To determine whether a defendant's constitutional speedy trial right was violated, we conduct a balancing test, considering, under the totality of the circumstances, "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his [or her] right; and (4) prejudice to the defendant." ***Urdahl***, 286 Wis. 2d 476, ¶11 (citing ***Barker v. Wingo***, 407 U.S. 514, 530 (1972)).

---

[16] The State contends that Butler "forfeited" his constitutional right to a speedy trial. But, a defendant cannot "waive" his or her constitutional right to a speedy trial; hence, we consider whether the defendant asserted his or her constitutional speedy trial right under the third ***Barker v. Wingo***, 407 U.S. 514, 530 (1972), factor. *See **Hatcher v. State***, 83 Wis. 2d 559, 568, 266 N.W.2d 320 (1978) ("Though a defendant's failure to demand a speedy trial will not constitute a waiver of the right, … the defendant's complete failure or delay in demanding a speedy trial will be weighed against him [or her]." (citation omitted)); *see also **State v. Provost***, 2020 WI App 21, ¶45, 392 Wis. 2d 262, 944 N.W.2d 23.

¶61    The State concedes that the first ***Barker*** factor weighs in Butler's favor.  Butler was arrested on October 10, 2019, and his trial was not scheduled to occur until February 2021.  *See **Urdahl***, 286 Wis. 2d 476, ¶25 (calculating delay to the scheduled trial date although no trial actually occurred).  As such, the fourteen-month delay is presumptively prejudicial and weighs in favor of Butler's constitutional speedy trial violation claim.  *See **id.***, ¶12.

¶62    That said, the remaining three factors do not weigh in favor of Butler.  First, we conclude that the third factor—whether Butler asserted his right to a speedy trial—does not weigh in favor of either party.  As outlined previously, Butler made a number of speedy trial demands, most notably on March 24, 2020, in which he cited both the Sixth and Fourteenth Amendments of the United States Constitution.  However, as also discussed previously, Butler later withdrew his speedy trial demand, and we therefore do not see the third factor favoring either party.

¶63    Second, the reason for the delay was to obtain counsel for Butler.  Therefore, this analysis weighs in favor of the State.  *See **Urdahl***, 286 Wis. 2d 476, ¶26 ("[I]f the delay is caused by something intrinsic to the case, such as witness unavailability, that time period is not counted.").  While Butler is correct that the State is responsible for appointing counsel for indigent criminal defendants, he does not point to any authority to support his assertion that this fact weighs against the State.  Nor is this court aware of any such authority.

¶64    Given this lack of authority and the fact that the search for counsel was intrinsic to the case and to provide Butler a constitutional right, we conclude the second ***Barker*** factor weighs in favor of the State.  *See **United States v. Varca***, 896 F.2d 900, 904-05 (5th Cir. 1990) (no Sixth Amendment violation resulting

from eleven-month delay occasioned by defendant's need to obtain counsel); *but see **Hadley v. State***, 66 Wis. 2d 350, 362-63, 225 N.W.2d 461 (1975) (illness of judge not intrinsic to case); ***Green v. State***, 75 Wis. 2d 631, 636-37, 250 N.W.2d 305 (1977) (overburdened court system weighs against the state, but not "heavily"). Notably lacking from this case is evidence in the record to suggest that the State deliberately delayed the trial in order to hamper Butler's defense. *See **Urdahl***, 286 Wis. 2d 476, ¶26. In fact, the State was concerned about the delay and raised the issue via letter to the circuit court in June 2020, citing the "statutory and constitutional rights of the parties and the crime victims."

¶65 Finally, we cannot adequately conduct a prejudice analysis in this case. Our supreme court has explained that "[i]n the absence of a showing of extraordinary circumstances, an outright dismissal of the [I]nformation with prejudice on speedy trial grounds is not warranted because the evidence of prejudice is speculative until after trial." ***State v. Lemay***, 155 Wis. 2d 202, 214, 455 N.W.2d 233 (1990). Butler does not respond to the State's reliance on ***Lemay***. Nor do we conclude that extraordinary circumstances exist here. While Butler's trial was delayed by fourteen months, he ultimately withdrew his speedy trial demand. Given that the delay occurred solely for the purpose of obtaining counsel for Butler, we conclude that the State has overcome the presumption of prejudice to Butler resulting from the fourteen-month delay and that Butler's constitutional right to a speedy trial was not violated.

*By the Court.*—Order reversed and cause remanded with directions.

Not recommended for publication in the official reports.